NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

U.S. SEWER & DRAIN, INC.,

       Plaintiff,

  v.

EARLE ASPHALT CO. and FEDERAL INSURANCE CO.,

       Defendants.

Civ. No. 15-1461

OPINION

THOMPSON, U.S.D.J.

    This matter is before the Court upon the Motions to Dismiss of Defendant Federal Insurance Company ("Federal") (Doc. No. 6) and Defendant Earle Asphalt Company ("Earle") (Doc. No. 7). Plaintiff U.S. Sewer & Drain, Inc. ("U.S. Sewer") opposes. (Doc. Nos. 9, 12). The Court has decided the Motions after considering the parties' written submissions and without oral argument pursuant to Local Civil Rule 78.1(b). For the following reasons, Federal's Motion will be granted in full and Earle's Motion will be granted in part and denied in part.

**BACKGROUND**

    This dispute arises out of a construction project on the New Jersey Garden State Parkway. In August 2011, Earle was awarded a contract by the New Jersey Turnpike Authority ("NJTA") to widen and improve a section of the Parkway. As per the requirements of the New Jersey Bond Act, Earle provided the NJTA with a payment bond issued by Federal.

1

Earle arranged for U.S. Sewer to provide materials and services for the installation of pipelining as part of the project. However, a dispute arose regarding U.S. Sewer's performance, and Earle refused to pay U.S. Sewer. U.S. Sewer then made a claim to the payment bond, which Federal has thus far refused to pay. On February 23, 2015, U.S. Sewer, a Pennsylvania company, filed its Complaint against Earle and Federal in this Court, seeking payment for the work it performed and other remedies. Federal filed a motion to dismiss all claims against it on March 27, 2015, and Earle filed a partial motion to dismiss on March 31, 2015.

## **LEGAL STANDARD**

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). When considering a Rule 12(b)(6) motion, a district court should conduct a three-part analysis. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'take note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009). But, the court should disregard any conclusory allegations proffered in the complaint. *Id.* Finally, once the well-pleaded facts have been identified and the conclusory allegations ignored, a court must next determine whether the "facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679). This requires more than a mere allegation of an entitlement to relief. *Id.* "A complaint has to 'show' such an entitlement with its facts." *Id.* A claim is only plausible if the facts pleaded

allow a court reasonably to infer that the defendant is liable for the misconduct alleged.  *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678).  Facts suggesting the "mere possibility of misconduct" fail to show that the plaintiff is entitled to relief.  *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679).

## **ANALYSIS**

Federal seeks to dismiss U.S. Sewer's claims for bad faith breach of a surety bond and civil conspiracy.  Earle seeks to dismiss U.S. Sewer's claims for unjust enrichment, quantum meruit, and civil conspiracy, as well as U.S. Sewer's request for punitive damages.

*Bad Faith Breach of a Surety Bond*

Federal contends that there is no cause of action in New Jersey for bad faith breach of a surety bond.  U.S. Sewer argues first that the case *In re Midland Ins. Co.*, 400 A.2d 813 (N.J. Super. Ct. App. Div. 1979) establishes that there is such a cause of action.  There, the Midland Insurance Company ("Midland") appealed an order of the Commissioner of Insurance finding that Midland, by failing to promptly pay the state on bail bonds, had violated N.J.S.A. 17:29B-4, which is part of New Jersey's Unfair Claims Settlement Practices Act ("UCSPA").  *In re Midland Ins. Co.*, 400 A.2d at 815.  In upholding the order of the Commissioner of Insurance, the Appellate Division rejected Midland's argument that bail bond issuers were exempt from the UCSPA, stating:

> A violation under [N.J.S.A. 17:B-4(9)(f)] occurs where an insurance company as a general business practice fails to attempt in good faith a prompt and fair settlement of claims in which liability is reasonably clear.  The provision places an obligation on these companies to engage in affirmative good faith conduct in settling claims.  Such an obligation appears warranted in the case of all insurers, including bail bond companies.  The provision applies generally to all insurance companies except those authorized to do business in life insurance, health insurance or annuities, which have been explicitly exempted therefrom by

3

>N.J.S.A. 17B:36-3(c).  See also, N.J.S.A. 17:31-1 to 17:31-5 relating to surety companies.  There is no specific exemption relating to sureties generally or to bail bond sureties specifically.

*Id*. at 821.

The holding in *Midland* is irrelevant here, however, because the statutory provision that Midland was found to have violated does not create a private cause of action.  As was the case in *Midland*, the method of enforcement for violations of N.J.S.A. 17:B-4 is investigation by the Commissioner of Insurance.  N.J.S.A. 17:B-5; *see also Weiss v. First Unum Life Ins. Co.*, 482 F.3d 254, 263–64 ("In sum, the New Jersey system [of regulating insurance, including N.J.S.A. 17:B-4]  is best seen as limited, regulating without setting forth private remedies . . . ."); *North Plainfield Bd. of Educ. v. Zurich American Ins. Co.*, 2008 WL 2074013, at *15, n.11 (D.N.J. May 15, 2008) (noting there is no private right of action under the UCSPA); *Heumann v. Selective Ins. Co. of America*, 2006 WL 2417286, at *4 (D.N.J. Aug. 21, 2006) (noting same); *Milcarek v. Nationwide Ins. Co.*, 463 A.2d 950, 956 (N.J. Super. Ct. App. Div. 1983) ("Of course, such alleged violations [of the UCSPA] are resolved before the Commissioner of Insurance and the monetary penalty provided would not go to the parties aggrieved by the insurer's actions.").  Accordingly, even if surety bond issuers were subject to the UCSPA, there would be no private right of action under that statute against a surety.

Additionally, as Federal points out, the holding in *In re Midland* with regards to the applicability of the UCSPA to sureties was overruled by N.J.A.C. 11:2-17.2, a regulation promulgated in 1982, several years after the ruling in *In re Midland*.  That regulation states "This subchapter [interpreting N.J.S.A. 17:29B-4(9) and 17B:30-13.1] applies to all persons and all policies except the following: ocean marine, fidelity and surety, boiler and machinery and workers' compensation."

4

Finally, the only other case finding a cause of action for bad faith breach of a surety bond in New Jersey is *U.S. ex rel Don Siegel Constr. Co. v. Atul Constr. Co.*, 85 F. Supp. 2d 414 (D.N.J. 2000). The *Atul* court first noted that the New Jersey Supreme Court had recognized the bad faith cause of action against insurers in *Pickett v. Lloyd*, 621 A.2d 445 (1993), and then it held "This Court concludes that the New Jersey Supreme Court would apply the same rationale to a claim for bad faith damages brought by an oblige against a surety." 85 F. Supp. 2d at 418. However, in twenty-two years since the ruling in *Pickett*, and in fifteen years since the ruling in *Atul*, neither the New Jersey Supreme Court nor any other state court in New Jersey has followed the holding of *Atul*. In fact, in two more recent decisions, *SBW, Inc. v. Ernest Bock & Sons, Inc.*, Civ. No. 07-4199(MLC) (D.N.J. March 17, 2009) (*see* Doc. No. 46, transcript of oral argument in which court granted motion to dismiss from the bench) and *Deluxe Building Sys., Inc. v. Constructamax, Inc.*, 2011 WL 322385 (D.N.J. Jan. 31, 2011), other courts in the District of New Jersey have declined to follow the ruling in *Atul*. As Chief Judge Brown wrote in *Deluxe Building*:

> Nearly eleven years after *Atul* was decided, however, this Court must agree with Judge Cooper's recent conclusion on the record that New Jersey law has not evolved in accord with *Atul* because a cause of action for bad faith breach of a surety bond has not been recognized. *SBW, Inc. v. Ernest Bock & Sons, Inc.*, (Civ. No. 07-4199(MLC)) (D.N.J. March 17, 2009). Indeed, the Court notes that nearly eighteen years after *Pickett* was decided, and with New Jersey law applied with frequency in complex construction litigation, neither [plaintiff], nor [defendant], nor the Court's own research has been able to identify a precedential post-*Pickett* case that suggests, let alone establishes, that the *Atul* court's prediction has materialized or is likely to in the future.

> As such, this Court concludes that, at this time, New Jersey law does not currently recognize a cause of action for "bad faith" breach of a surety bond, and further, that the New Jersey Supreme Court is unlikely to recognize such a cause of action in the future.

*Deluxe Building Sys., Inc. v. Constructamax, Inc.*, 2011 WL 322385, at *3. This Court agrees with Chief Judge Brown's reasoning and finds that there is no cause of action for bad faith breach of a surety bond in New Jersey, and so Plaintiff's claim in Count XI will be dismissed.

*Conspiracy*

As U.S. Sewer admits in its brief opposing Federal's motion to dismiss, its conspiracy claim in Count XII cannot stand without the bad faith claim in Count XI because the claim for conspiracy is that Federal and Earle conspired to commit bad faith in the breach of a surety bond. Without a cause of action for bad faith breach of a surety bond, the conspiracy claim in Count XII must be dismissed as well. *See District 1199P Health & Welfare Plan v. Janssen, L.P.*, 784 F. Supp. 2d 508, 533 (D.N.J. 2011) ("Under New Jersey law, a claim for civil conspiracy cannot survive without a viable underlying tort, and because all of Plaintiff's tort claims fail as a matter of law, Plaintiff's civil conspiracy claim must be dismissed.")

*Unjust Enrichment and Quantum Meruit*

Earle moves to dismiss U.S. Sewer's claims for unjust enrichment and quantum meruit on the grounds that U.S. Sewer has also stated a claim for breach of contract, and claims for unjust enrichment and quantum meruit cannot be sustained if the parties' relationship was governed by contract. *See Van Orman v. Am. Ins. Co.*, 680 F.2d 301, 311 (3d Cir. 1982). Though U.S. Sewer admits that this statement of the law is correct, it argues that by stating claims for unjust enrichment and quantum meruit, it was pleading in the alternative in the case that there was no valid contract between U.S. Sewer and Earle. Federal Rule of Civil Procedure 8(d)(2) states, "A party may set out 2 or more statements of a claim or defense alternatively or

hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient." As the court explained in *Dewey v. Volkswagen AG*, 558 F. Supp. 2d 505 (D.N.J. 2008) the pre-discovery stage is too early to dismiss unjust enrichment claims or quantum meruit claims where those claims are plead in the alternative to claims for breach of contract. 558 F. Supp. 2d at 528–29 (citing *Titan Stone, Tile & Masonry, Inc. v. Hunt Const. Group, Inc.*, 2006 WL 2788369, at *5 (D.N.J. Sept. 27, 2006). Accordingly, Earle's motion to dismiss these claims will be denied.

*Punitive Damages*

Earle also seeks to dismiss U.S. Sewer's claim for punitive damages because, it argues, U.S. Sewer's claims are for breach of contract, and punitive damages may not be awarded for breach of contract. *See W.A. Wright, Inc. v. KDI Sylvan Pools, Inc.*, 746 F.2d 215, 217 (3d Cir. 1984) (noting that there is a general rule under New Jersey law that punitive damages may not be awarded for breach of contract actions except in limited circumstances). However, in Counts VIII and IX of the Complaint, U.S. Sewer states claims for breach of fiduciary duty and conversion against Earle. Punitive damages may be awarded for both of those causes of actions. *See Vibra-Tech Eng'rs, Inc. v. Kavalek*, 849 F. Supp. 2d 462, 499 (D.N.J. 2012) (noting that punitive damages are available under the New Jersey Punitive Damages Act, N.J.S.A 2A:15-5.09 *et seq.*, for breach of fiduciary duty and conversion, among other tort claims). Thus, Earle's motion will be denied on this issue.

## **CONCLUSION**

For the reasons discussed above, Federal's motion is granted in full and Earle's motion is granted in part and denied in part. An appropriate order will follow.

                                              */s/ Anne E. Thompson*
                                              ANNE E. THOMPSON, U.S.D.J.